MAREN ELIZABETH BOND, BENEFICIARY OF CLANTON J. McINNIS v. THE MASSACHUSETTS PROTECTIVE ASSOCIATION, INC.

(Filed 17 April 1963.)

Insurance § 34—

>     In an action to recover on a policy of insurance providing indemnity for death resulting from accidental bodily injuries, nonsuit is properly entered upon evidence tending to show that prior to his death insured sustained two falls, but with further evidence that the falls inflicted only superficial injuries and that death resulted from hepatic failure due to acute alcoholism.

APPEAL by plaintiff from *MacRae, S.J.,* January, 1963 Assigned Term, WAKE Superior Court.

Civil action by the plaintiff, beneficiary, to recover from the defendant, the Massachusetts Protective Association, Inc., $10,000.00 under its Lexington Policy No. 1120525, providing indemnity in the event the death of the insured, Clanton J. McInnis, should result from accidental bodily injuries. At the close of the evidence the court, upon defendant's motion, entered judgment of involuntary nonsuit from which the plaintiff appealed.

*Vaughan S. Winborne, for plaintiff appellant.*
*Arendell, Albright, Green & Reynolds, by Banks Arendell, for defendant appellee.*

PER CURIAM. All facts necessary to decision were stipulated, except the cause of death. The plaintiff offered evidence tending to show the insured was ill on February 2, 1961, at his home. His attending physician, after examination, found him quite ill and recommended immediate hospitalization. Before the arrangements were completed, the insured fell in moving about the house, striking his head against a step. The injury bled profusely. Later, insured pitched and fell against a table, injuring the bridge of his nose. Immediately following the second fall he was found to be dead. There was no other evidence offered by plaintiff as to the cause of death.

The defendant offered the physician who had examined and recommended hospitalization for the insured and who was present during the autopsy. He testified that in his opinion the insured died of acute alcoholic bout with hepatic failure, liver failure.

The pathologist who performed the autopsy testified the head and nose injuries sustained in the fall were superficial and could not have

caused death; that death was caused by hepatic insufficiency which could not result from bodily injury, but did result from disease.

The evidence of death as result of accidental bodily injuries was totally lacking. Nonsuit was required. The judgment is

Affirmed.